# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DARLA TOWNER,                              )
                                           )
   Plaintiff,                )
                                           )  CIVIL ACTION
v.                                         )
                                           )  No. 12-2649-KHV
VCA ANIMAL HOSPITALS, INC.,                )
d/b/a/ WELBORN ANIMAL HOSPITAL,            )
  and                             )
JAMES R., "JIM or J.R." SWANSON, D.V.M.,   )
                                           )
   Defendants.                )
_____)

## MEMORANDUM AND ORDER

Darla Towner filed this lawsuit against VCA Animal Hospitals, Inc. ("VCA") and James R. Swanson, D.V.M. Plaintiff asserted that VCA violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Count I). Plaintiff also alleged state law claims of outrage against VCA and Dr. Swanson (Count II). On September 24, 2013, plaintiff dismissed with prejudice her claims against VCA. See Joint Stipulation (Doc. #69) filed September 24, 2013. This matter is before the Court on Plaintiff's Motion For Leave To File Voluntary Dismissal, Without Prejudice, Against Individual Defendant James R. "Jim" Or "J.R." Swanson's, D.V.M., With Suggestions In Support (Doc. #70) filed September 26, 2013. For reasons set forth below, the Court finds that the motion should be sustained.

## I. Legal Standards

Plaintiff's motion to dismiss raises two intertwined issues: (1) whether the Court should allow plaintiff to dismiss her claim without prejudice under Rule 41(a)(2), Fed. R. Civ. P. and (2) whether the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over plaintiff's remaining state law claim.

A.      Fed. R. Civ. P. 41(a)(2)

Because defendant has filed an answer, this action may be dismissed at plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (citations omitted). In determining whether to grant a motion for voluntary dismissal, the Court considers the following factors: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997) (court need not resolve each factor in favor of plaintiff to warrant dismissal, or each factor in favor of defendant to warrant denial of motion).

B.      Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.[1] See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (when court dismisses federal claim, it generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims); United Int'l Holdings, Inc. v. Wharf

---

[1] Section 1367 provides that a district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law[;] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[;] (3) the district court has dismissed all claims over which it has original jurisdiction[;] or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

(Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000) (once federal question jurisdiction exists, within trial court discretion to exercise supplemental jurisdiction over state law claims that derive from common nucleus of facts). A district court deciding whether to exercise supplemental jurisdiction should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (citing Thatcher Enter. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)). The district court should "normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) (suggesting district court should retain jurisdiction only if parties have expended great deal of time and energy on state law claims).

**II.    Analysis**

The Court first considers the factors under Rule 41(a)(2), mindful that the rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to allow the Court to impose curative conditions. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996).

As to defendant's efforts and funds expended, although the parties have engaged in discovery, Dr. Swanson has not issued any written discovery to plaintiff and has not issued any deposition notices. Dr. Swanson has presented evidence that he has incurred $2767.15 in court reporter fees and $600 for mediation fees. The Court finds this factor neutral.

The Court also considers evidence of undue delay or lack of diligence by plaintiff. This factor favors dismissal because the record contains no suggestion that plaintiff has delayed the action in any way.

-3-

The next factor is the adequacy of plaintiff's explanation for seeking dismissal. Plaintiff asserts that her outrage claim may raise a novel issue of state law, and therefore a Kansas court should decide it. Specifically, plaintiff notes that Kansas law is unclear about the extent of physical harm required to set forth an outrage claim. See Valadez v. Emmis Comm'rs, 229 P.3d 389, 395 (Kan. 2010) (plaintiff did not prove that emotional distress suffered was severe enough to support tort of outrage; record did not show that plaintiff sought medical treatment or psychological counseling specifically related to alleged tortious conduct). Cf. Third Amended Complaint (Doc. #33) filed June 6, 2013 (plaintiff does not allege that she sought medical treatment for alleged emotional distress, mental anguish, stress and anxiety and physical injuries due to psychological trauma). This explanation appears adequate; in fact, defendants made this argument in their motion to dismiss which asked the Court to decline supplemental jurisdiction over the outrage claim.

Regarding the present stage of litigation, discovery is complete. As noted, however, Dr. Swanson did not issue any written discovery to plaintiff and did not issue any deposition notices. There are no pending motions other than the motion to dismiss, the dispositive motions deadline has not passed, and the trial in not scheduled until May 5, 2014. This factor also favors granting the motion to dismiss without prejudice.

Finally, defendant has not suggested that a second suit would create duplicative expenses.

The same factors which favor granting dismissal without prejudice also indicate that the Court should decline supplemental jurisdiction. A district court deciding whether to exercise supplemental jurisdiction should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." As noted, the pretrial proceedings so far are not extensive. Although this Court is familiar with the case, neither judicial economy nor convenience require this Court to maintain jurisdiction.

Defendant argues that the Court should retain jurisdiction in the interest of fairness. He notes that when Magistrate Judge Gale allowed plaintiff to file a third amended complaint, he expressed doubts regarding "the sufficiency of the factual support for [p]laintiff's claim for the tort of outrage." Defendant asserts that because the Court has expressed doubts regarding plaintiff's state law claim, it should consider her attempts to dismiss that claim "as a contrivance to avoid any adverse result." Defendant's Brief (Doc. #73) filed October 10, 2013, at 5 (citing New Mexico v. Gen. Elec. Co., 467 F.3d 1223, 1243 n.29 (10th Cir. 2006) (district court did not abuse discretion in exercising supplemental jurisdiction where plaintiff dismissed federal claims only after district court expressed skepticism as to validity of state's damage calculation, characterizing it as a "manipulative tactic" designed to achieve remand to state court)). As noted, however, plaintiff has provided a plausible reason for requesting dismissal and the Court finds this explanation reasonable.

Having considered all the circumstances of this case, including the factors reflected above, the Court finds that voluntary dismissal will not adversely affect defendant. The Court further finds that it should decline to exercise supplemental jurisdiction based on considerations of judicial economy, convenience, fairness, and comity.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Leave To File Voluntary Dismissal, Without Prejudice, Against Individual Defendant James R. "Jim" Or "J.R." Swanson's, D.V.M., With Suggestions In Support (Doc. #70) filed September 26, 2013 be and hereby is **SUSTAINED**. Plaintiff's state law claim of outrage against Dr. Swanson is **DISMISSED WITHOUT PREJUDICE**.

Dated this 17th day of December, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge